Heirs of Ramón Garrastazú, Petitioners, *v.* Registrar of Property of San Germán, Respondent.

No. 662. Submitted January 10, 1927.—Decided January 24, 1927.

*Nazario & García Méndez* for the appellant. The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Ramón Garrastazú died in Cabo Rojo in 1923, leaving an open will made before a notary public in 1914. He left no ascendants, nor legitimate descendants, nor widow. He left only acknowledged natural children and disposed of his property as follows: "In consideration of the fact that his three acknowledged natural children, Arturo, Francisco Solano and

Ramón Garrastazú y Arroyo . . . . have been constantly near him helping him on his farm and taking care of him during his illness, it is his will to avail himself of his legal right as to the disposable portion, and to that effect he bequeaths to his said three acknowledged natural children two-thirds of the net capital owned by him at his death, and directs that the said two-thirds be divided among them without other limitations than those provided by law."

He left the remainder of his estate to all of his natural children whom he named and acknowledged to the number of thirteen. After the will had been made and before his death the testator became the father of two more children who secured their acknowledgment by a judgment of the District Court of Mayagüez.

Twelve of the children made heirs by the will and the two acknowledged by judgment appeared as the heirs of Ramón Garrastazú before the registrar of property and after alleging and showing that the missing child died a minor and without descendants before the father died, they sought to have two properties, that appeared registered in the name of their predecessor, recorded in their favor in the above proportions, namely, two-thirds thereof by will in favor of Arturo, Francisco Solano and Ramón Garrastazú y Arroyo, and the remaining third by inheritance in favor of all the acknowledged natural children constituting the succession.

The registrar denied the record on the ground that it could be made only after the proper division of the property had been carried out. He also pointed out the curable defect of failure to state in the complaint of filiation who were the members of the succession of Garrastazú. He also contended in his brief that the declaration of heirship was void because two acknowledged natural children had been omitted.

The present administrative appeal was taken from that decision.

The registrar admits both in his decision and in his brief

that the proper thing would have been to record the hereditary rights of the petitioners, but he thinks that this was not what they asked for. He contends that they referred to something divided, allotted, that could be recorded only after the division of the inheritance had been carried out as provided by law.

In our opinion the registrar is wrong and therefore his decision can not be sustained.

In the case of *Estate of Dávila* v. *Registrar of Caguas*, 15 P.R.R. 655, Mr. Justice Figueras, speaking for this court, expressed himself as follows:

"Now then for the purposes of the record of a hereditary right, it is sufficient to present the authentic document establishing such right, provided the two following circumstances are present: First, that the hereditary property be recorded in favor of the predecessor in interest, as occurs in this case, and second, that there be one or more heirs who apply for the record of the property held in common. So then the inventory and the deed of division and partition can be required only where the heirs demand that their interest in the property of the deceased be recorded; but this is not the case when, based upon the fact of the indivision, they only ask that their hereditary portion in estates recorded in the name of their predecessor in interest be recorded in the registry."

It seems well to quote also from the case of *Capó* v. *Fernández*, 27 P.R.R. 664-665, where it was said:

"By virtue of a partition each heir is awarded the part belonging to him and then that part becomes his private property, but a partition is not necessary in order that an heir may acquire and, if another person should question his right, sue for his proportional share in each and all of the properties of the estate, which proportional share the testator himself may determine, within certain limits, or which, in the absence of a will, the law clearly determines .... A partition is necessary to support an action for detached, separate properties which were a part of an estate but have already been awarded to a certain heir. Title by inheritance is sufficient when the plaintiff prays for acknowledgment in his favor of the rights that the law itself assigns to him."

It is a fact admitted by the registrar and in conformity

with the law that where there are only acknowledged natural children, as in the case here, the testator can dispose freely, as he did, of two-thirds of his estate, leaving the remaining third as the legal portion of his heirs.

The legatees and the heirs have not asked for the record in their favor of definite, detached, separate portions forming new units of the estate of decedent. They have merely presented in the registry the will and the judgment of the court in the action of filiation, and they have sought record of their rights as regards the properties recorded in favor of their ancestor, as shown by said documents. There is no division, no partition properly speaking. By virtue of the record as asked for the ancestor will be substituted in the registry by his heirs and legatees, as provided by him before his death. This is all. The estate remains undivided. But the fact of the death of the ancestor and as to who are his heirs and legatees and in what proportions, is recorded as regards the registered properties.

Let us consider now the question of omission. Section 802 of the Revised Civil Code reads in part as follows:

"The omission of any or of all the lawful heirs in the right line whether they be living at the time of the execution of the will or whether they are born after the death of the testator shall annul the institution of an heir, but trusts and betterments shall be valid whenever they are not contrary to good conscience."

As may be seen, that statute expressly mentions the heirs living at the time of the execution of the will or born after the death of the testator, and in the present case the acknowledged natural children who were not made heirs were born after the execution of the will and before the death of the testator. Besides, even if that section be construed as referring to all the heirs, which is the most logical construction, as recognition was given to the full rights of the omitted children regarding the inheritance, we can apply the decision of the General Directorate of Registries of Spain construing section

814 of the old Civil Code and applied to a case similar to this, as follows:

"Whereas, the reason alleged by the registrar in denying the record of the division of the estate of Casilda Sánchez Solórzano is that the institution of heirs contained in the will made by her together with her husband, is void under section 814 of the Civil Code because of the omission of their two children Luis and Leopoldo Canosa who were born after the execution of the will;

"Whereas, as provided by that section, in order that the omission of any or all of the forced heirs in direct line should void the institution thereof, it is necessary that they should be living when the will was made, or that they should be born after the death of the testator;

"Whereas, Luis and Leopoldo Canosa were born after their mother signed the will, and naturally *before her death,* they can not be considered as omitted in the meaning given to this word in said statute or in its grammatical sense;

"Whereas, even accepting the interpretation given to that section by the registrar, it is a fact that the division has been based not on the validity of the institution of heirs but on its nullity, since the supposed omitted children, far from having been excluded from the succession, have been included in the division, duly represented by counsel, together with the heirs expressly instituted, having the same rights as the latter and after compliance with the will as regards the legacies made by the testator, as provided in said section 814."

The curable defect pointed out does not exist. It appears from the complaint in the case of filiation that mention was made of the persons composing the succession of Ramón Garrastazú.

The decision appealed from must be reversed and the record ordered.